UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KAYLA BROOKSHIRE, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>ELKHART CITY POLICE, *et al.*, )<br>)<br>Defendants ) | CAUSE NO. 3:20-CV-648 RLM-MGG |

OPINION AND ORDER

Kayla Brookshire, who proceeds in this case without a lawyer, filed a pro se complaint against Elkhart City Police and two of its police officers, Nathan Lanzen and Timothy Zimmer, under 42 U.S.C. § 1983 alleging that she was unlawfully arrested and detained on January 1, 2019 during an incident involving Darquell Pulliam, and that officers used excessive force when they arrested her. The defendants' motion for summary judgment is before the court. Ms. Brookshire was afforded multiple opportunities to respond, but has yet to do so. For the following reasons, the court grants the defendants' motion.

Summary judgment is appropriate when the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-392 (7th Cir. 2011). The court construes the evidence and all inferences that reasonably can be drawn from that evidence in the light most favorable to the non-moving party — Ms. Brookshire in this

instance. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The defendants bear the burden of informing the court of the basis for their motion, and presenting evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If they meet that burden, the plaintiff can't rest upon the allegations in her complaint, but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in [her] favor." Marr v. Bank of America, N,A., 662 F.3d 963, 966 (7th Cir. 2011); *see also* Hastings Mut. Ins. Co. v. LaFollette, No. 1:07-CV-1085, 2009 WL 348769, at *2 (S.D. Ind. Feb. 6, 2009) ("It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which [s]he relies."); Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events").

The defendants filed their motion, brief, and supporting documents [Doc. Nos. 24 and 25] electronically on July 2, 2021, and mailed copies to Ms. Brookshire the same day. They also filed and mailed a separate notice advising Ms. Brookshire of her obligation to respond to the summary judgment motion and the potential consequences of failing to do so, and provided her with copies of Fed.

2

R. Civ. P. 56 and Local Rule 56-1 [Doc. No. 26]. On July 14, the court entered an order notifying Ms. Brookshire of the pending motion and giving her until July 30, 2021 to file her response and any supporting materials. The defendants notified the court that the documents they mailed to Ms. Brookshire had been returned by the U.S. Postal Service marked "Return to Sender" [Doc. No. 28]; that they hadn't heard from Ms. Brookshire as of August 13 [Doc. No. 29]; and that Ms. Brookshire emailed them on August 19 acknowledging that she'd received defendants' "notice and reply in the mail" and asking "what it is you are requesting from me?". [Doc. No. 30 and 30-1]. The defendants responded via email the same day, attached copies of Doc. Nos. 24-29 to their email, told Ms. Brookshire that neither they, nor the court, could give legal advice, and advised her to "carefully review all of the attached documents and, if you choose, consult with an attorney on any questions you have after review." [Doc. Nos.30 and 30-1]. There is no indication that the address Ms. Brookshire provided when she filed her complaint and that defendants have used to communicate with her has changed. As of the date of this order, Ms. Brookshire hasn't responded to the motion for summary judgment, disputed any of the facts asserted in the defendants' motion and supporting materials, submitted any evidence in support of her claims, or sought an extension of time to comply with the court's order. The time for doing so has passed.

The facts, viewed in the light most favorable to Ms. Brookshire, are as follows.

In the early morning hours of January 1, 2019 Corporal J. Gage, tried to stop a car driven by Darquell Pulliam for driving left of center. Things escalated into a felony traffic stop when Mr. Pulliam refused to pull over, drove to his apartment, parked his car, and refused to get out of the car. Ms. Brookshire, Mr. Pulliam's girlfriend, was in the apartment when she heard the commotion and observed several police officers surround the car, with guns drawn. She ran out onto the sidewalk and began yelling and screaming at the officers. Officer Lanzen headed her off before she entered the parking area, and told her several times to lower her voice and go back inside. Ms. Brookshire eventually complied, but when Mr. Pulliam refused to get out of the car and officers broke the front passenger door window to remove him, Ms. Brookshire, by her own admission, "freaked out", ran from the apartment building into the parking area, and started yelling and screaming at the police officers who were trying to arrest Mr. Pulliam. Officer Lanzen told Ms. Brookshire to lower her voice, but she kept screaming, so a second officer, Officer Zimmer, came over to assist him.

Officer Zimmer attests that "because of the prior warning given to Ms. Brookshire and her ongoing interference with officers trying to safely apprehend Mr. Pulliam" he and Officer Lanzen decided to arrest her. Officer Lanzen directed Ms. Brookshire to get on the ground and told her she was going to jail. When Ms.

4

Brookshire didn't comply, Officer Lanzen grabbed her to place her under arrest. She pulled her arm away and swung at the officers, at which point Officer Lanzen grabbed her and took her to the ground. Ms. Brookshire continued to pull away from the officers, screaming that she was pregnant. The officers told her to stop resisting, handcuffed her, and put her in a patrol car without further incident. Ms. Brookshire reports that her shirt was ripped and she was bruised in the process.

Ms. Brookshire was arrested and detained until January 2, 2019, when an Elkhart Superior Court magistrate found probable cause to believe that she had committed the offenses of resisting law enforcement and disorderly conduct, in violation of IND. CODE §§ 35-44.1-3-1 and 35-45-1-3, and set bond at $1500.[1] Ms. Brookshire was subsequently charged in Elkhart City Court, Cause No. 20H01-1901-000096, with those offenses; and, in March 2021, entered into a pre-trial diversion agreement in which she admitted the existence of a factual basis for a criminal conviction for resisting law enforcement and disorderly conduct, and agreed to certain conditions. If Ms. Brookshire successfully completes those conditions, the charges against her will be dismissed.

---

[1] IND. CODE § 35-44.1-3-1(a)(1) provides that: "A person who knowingly or intentionally forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties...commits resisting law enforcement, a Class A misdemeanor...."
IND. CODE § 35-45-1-3(a)(2) makes it unlawful to engage in disorderly conduct – to "recklessly, knowing, or intentionally...make[] unreasonable noise and continue[] to do so after being asked to stop."

The probable cause finding and Ms. Brookshire's admission of a factual basis for a criminal conviction for resisting law enforcement and disorderly conduct in her pre-trial diversion agreement and deposition testimony bar her claims for false arrest and imprisonment. *See, i.e.*, Heck v. Humphrey, 512, 477, 487 (1994)(barring a § 1983 claim for damages where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence…"); Yananta Lusa v. Indiana Dept. of Child Services, No. 1:19cv3928-RLY-DML, 2021 WL 5154098, at * 2 (7th Cir. Nov. 5, 2021) ("The presence of probable cause bars any § 1983 claim for unlawful detention under the Fourth Amendment"); Gill v. City of Milwaukee, 850 F.3d 335, 342 (7th Cir. 2017)("Probable cause acts as an absolute bar to a claim for false arrest.").

To prevail on her excessive force claim, Ms. Brookshire must show that the force used to effect her arrest wasn't "' objectively reasonable' in light of the facts and circumstances confronting [the officers], without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 497 (1989); Dawson v. Brown, 803 F.3d 829, 833 (7th Cir. 2015) ("Whether a police officer used excessive force is analyzed from the perspective of a reasonable officer under the circumstances, rather than examining the officer's actions in hindsight."). Factors considered include:

> the severity of crime; whether the suspect posed an immediate threat to the officers or others; whether the suspect was resisting or evading arrest; whether the individual was under arrest or suspected of committing a crime; whether the individual was armed; and whether

6

>the person was interfering or attempting to interfere with the officer's duties.

Id. When, as in this case, "there are sufficient undisputed material facts to establish that the officer acted reasonably under the circumstances, then the court must resolve the issue as a matter of law, rather than allow a jury to 'second-guess' the officer's actions." Dawson v. Brown, 803 F.3d at 833.

Ms. Brookshire acknowledged in her pre-trial diversion agreement that a factual basis existed for criminal convictions for resisting law enforcement and disorderly conduct, IND. CODE §§ 35-44.1-3-1 and 35-45-1-3, and conceded in her deposition that she refused to comply with officers' directives, and resisted their attempts to arrest her by pulling away, pushing, and swinging at the officers. [Doc. Nos. 24-2 and 24-4]. While those offenses are only misdemeanors under Indiana law, the undisputed evidence shows that Ms. Brookshire's actions interfered with officers while they were engaged in a felony traffic stop involving an uncooperative and combative suspect, and placed the officers and Ms. Brookshire in harms way.

Officer Zimmer submitted an affidavit in support of the defendants' summary judgment motion in which he attests that: "There was no force used on Ms. Brookshire other than what was required to safely put her in handcuffs and put her in the patrol car." [Doc. No. 24-3 at ¶ 16]. Ms. Brookshire didn't dispute that statement, or the statements Corporal Gage made in the Affidavit in Support

7

of Warrantless Arrest that formed the basis of the magistrate's probable cause finding. [Doc. No. 24-1].

Corporal Gage attests that police were engaged in a felony traffic stop; that the driver of the car, Darquell Pulliam, refused to exit the car, had to be forcibly removed, and was fighting with officers when they heard Ms. Brookshire screaming and saw her running toward them; that Officers Lanzen and Zimmer had to break away to deal with Ms. Brookshire, who refused to stop screaming and resisted the officers' attempts to place her under arrest by pulling her arms away and hitting the officer; and that her actions "interfered with [Officer] Lanzen attempting to place [Mr. Pulliam] under arrest" and "placed [officers] in danger by preventing [Officers Lanzen and Zimmer] from assisting them in gaining compliance from a combative offender [Mr. Pulliam]." [Doc. No. 24-1].

"[W]hen an individual is resisting arrest, an officer can use the amount of force necessary to overcome her resistance." Boothe v. Wheeling Police Officer Sherman (Star #155), 190 F.Supp.3d 788 (N.D. Ill. 2016). Based on the summary judgment record and the circumstances with which the officers were confronted, grabbing Ms. Brookshire and "taking her to the ground" (or "tackling" her), when she interfered with officers while they were attempting to arrest Mr. Pulliam and resisted her own arrest was objectively reasonable. *See, e.g.,* Dawson v. Brown, 803 F.3d at 833-834 (holding as a matter of law that officer didn't use excessive

8

force when he tackled plaintiff, who was attempting to interfere with the lawful arrest of his son).

The court needn't address whether the officers are entitled to qualified immunity because Ms. Brookshire hasn't shown that they violated a constitutional or statutory right that was clearly established at the time of the alleged misconduct. *See* Green v. Newport, 868 F.3d 629, 33 (7th Cir. 2017); Gibbbs v. Lomas, 755 F.3d 529, 537 (7th Cir. 2014); Gonzalez v. Village of West Milwaukee, 671 F.3d 649, 657 (7th Cir. 2012).

Ms. Brookshire's claims against Elkhart City Police Department fail for the same reasons – she hasn't shown that the officers violated her constitutional or statutory rights or provided any viable basis for holding the police department liable for the officers' actions under Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

For the foregoing reasons, the court:

(1) GRANTS the defendants' motion for summary judgment [Doc. No. 24], and DIRECTS the Clerk to enter judgment for the defendants;

(2) VACATES the December 13, 2021 final pretrial conference and January 11, 2022 trial date; and

(3) DENIES the defendants' motion to withdraw its request for a jury trial [Doc. No. 31] as moot.

SO ORDERED.

ENTERED:   November 15, 2021

                                         /s/ Robert L. Miller, Jr.
                                    Judge, United States District Court